**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **David Gevas (B41175),** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 23 C 50383** |
| v. | ) | |
| | ) | **Hon. Rebecca R. Pallmeyer** |
| **Art Manzano, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

    Plaintiff's motion to compel [53] is denied, for the reasons stated below. The amended motion to compel [56] is stricken. Plaintiff has been warned in this case and others against multiple "amended" submissions. *See Gevas v. Popovich*, No. 23 C 50249 (N.D. Ill.), at Dkt. 63; *Gevas v. Varga*, No. 21 C 50272 (N.D. Ill.), at Dkt 204; *see also* [43] in this case, No. 23 C 50383. To repeat: (1) any motion brought by Plaintiff must include, in a single document, the motion, request for relief, and any exhibits Plaintiff wants the court to consider in connection with the motion; (2) any motion must stand on its own, which means that all facts and arguments supporting a party's position must be included in a single motion, and all evidentiary material cited in the motion must be submitted with the motion; (3) if Plaintiff chooses to submit motions electronically, it is his responsibility to ensure that any motion is filed as a single document, with clearly labeled exhibits; (4) the court will entertain only a single motion for reconsideration on any of its rulings regardless of the label affixed to the motion; and (5) the court will summarily deny or strike successive, duplicate, repetitive, supplemental, or corrected submissions received from Plaintiff before the court rules on a related, pending motion, regardless of the label affixed to the submission.

**STATEMENT**

    This case concerns Illinois prisoner David Gevas's exposure to K2 smoke at the Dixon Correctional Center. [8], Am. Compl.; [13] Feb. 12, 2024 Order. Gevas alleged in the operative complaint that prior to March 23, 2023, he had been housed in a smoke-free unit for inmates who use CPAP machines. The unit was closed, however, and Gevas has been moved several times between March 23, 2023, and November 8, 2023. Each time, he was exposed to various levels of K2 smoke. *Id.* He could avoid smoke exposure if he agreed to segregation, which he did on occasion. Even so, he contends that Assistant Warden of Security Manzano and Placement/Assignment Officer Rodriquez (1) were deliberately indifferent to his serious medical needs when they placed him in cells or housing units where he was exposed to K2 smoke; and (2) retaliated against him for filing grievances about his cell assignments.

    Discovery commenced in November 2024 and is ongoing. *See* [43]. Gevas moves for an order requiring "the full and complete production of all documents requested as stated in his Request for Production." [53], at 1 (cleaned up). In response, Defendants report that they have produced over 1,300 pages of documents to Gevas. [55], at 3.

> Federal Rule of Civil Procedure 26(b)(1) provides:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

On a motion to compel, the movant must establish that the discovery at issue is relevant to his claims. *Bell v. Pension Comm. of ATH Holding Co., LLC* 330 F.R.D. 517, 520 (S.D. Ind. Jun. 14, 2018). The burden then shifts to the objecting party to establish that the discovery request is improper. *Id.*

Gevas, who is an experienced litigant, did not satisfy his burden. His motion to compel provides no information about what he believes is missing from Defendants' production, nor did he make any attempt to explain how any purportedly missing documents, information, or things are relevant to his claims. Instead, he seeks a broad order from the court directing Defendants to produce a vast array of documents and things, many of which are of questionable relevance and proportionality. Just as an example, Gevas seeks personal information—including disciplinary history and security threat group designations—for each inmate with whom he was celled from March 22, 2023, to present. [53], at. 3. He also seeks "test results from paper that contained chemicals" found in possession of other inmates "from 2021 to the present." [53], at 4. The request for security group designations is invasive and generates security concerns; the request for test results "from 2021 to the present" is grossly overbroad and not calculated to lead to information relevant to claims against Defendants Manzano and Rodriguez. Gevas's motion to compel is denied.

ENTER:

Date: March 17, 2025

_____
REBECCA R. PALLMEYER
United States District Judge